## SETTLEMENT AGREEMENT AND GENERAL RELEASE OF CLAIMS

This Settlement Agreement and General Release of Claims (hereinafter "Agreement") is entered into between NAHID HASAN, and his heirs, executors, administrators, successors, assigns, and attorneys, (hereinafter referred to as "Plaintiff"); and SHAYMS & ASSOCIATES, INC. d/b/a DHAKA GARDEN and said company's successors, predecessors, parent, its related domestic and foreign business entities, corporations, partnerships, and subsidiaries, as well as its respective current and former directors, officers, shareholders, partners, employees, assigns, and successors in interest, representatives, agents, insurers, both in their representative and individual capacities; and FARUQUE AHMED, and his heirs, executors administrators, successors, assigns, and attorneys, and JAKEY PATWARI, and his heirs, executors administrators, successors, assigns, and attorneys, and JAMIL UDDIN and his heirs, executors administrators, successors, assigns, and attorneys, (hereinafter SHAYMS & ASSOCIATES, INC. d/b/a DHAKA GARDEN, FARUQUE AHMED, JAKEY PATWARI and JAMIL UDDIN will be collectively referred to as "Defendants."

A.      WHEREAS, Plaintiff initiated an action against the Defendants by filing a Summons and Complaint (hereinafter the "Complaint") in the United States District Court, Eastern District of New York styled as *NAHID HASAN  v. SHAYMS & ASSOCIATES, INC. d/b/a DHAKA GARDEN and FARUQUE AHMED*  bearing Case No. 15-CV-3469 , wherein Plaintiff was asserting violations of the Fair Labor Standards Act and New York Labor Law to recover unpaid wages  (hereinafter the "Action"); and

B. WHEREAS,  Plaintiff asserts claims and Defendants deny all claims in the above referenced Civil Action;

C. WHEREAS, the Parties understand and agree that Defendants for themselves and any and all present and former affiliated entities, predecessor entities, successor entities and their respective present and former officers, partners, directors, board members, principals, trustees, professional employer organizations, administrators, executors, agents, owners, shareholders, employees, and assigns, individually and in their official capacities, including but not limited to, SHAYMS & ASSOCIATES, INC. d/b/a DHAKA GARDEN, FARUQUE AHMED, JAKEY PATWARI and JAMIL UDDIN deny each and every assertion of wrongdoing with respect to the Plaintiffs;

D. WHEREAS, Plaintiff and Defendants, have had extensive negotiations to reach a settlement acceptable to the parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses; and

E. WHEREAS, Plaintiff and  Defendant have  negotiated the attorneys' fees to  be paid as part of this Agreement and have agreed that this is a fair and reasonable amount of attorneys' fees to be paid as part of the settlement of this Action,

F. WHEREAS, the Parties understand and agree that neither the making of this Negotiated Settlement Agreement, nor anything contained herein shall, in any way, be construed or considered to be an admission by Defendants of liability, guilt or noncompliance with any federal, state, city, or local statute, constitution, rule, ordinance, public policy, human rights or civil rights law, wage-hour law, wage-payment law, tort law

contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever to the Plaintiffs; and

G.  WHEREAS, the Plaintiff, with full assistance and through consultation with counsel, freely and voluntarily enters into this Agreement in exchange for the promises contained herein which pertain to Defendants and the full payment due from Defendants as provided for herein; and

H. WHEREAS, the Court has made no findings as to the merits of the Complaint; and

I. WHEREAS, the terms and conditions of this Agreement, including the Release incorporated herein, have been explained to the Parties by their counsel.

NOW, THEREFORE, Plaintiff and Defendants, in consideration of the mutual promises and covenants set forth herein, the receipt and sufficiency of which is hereby acknowledged, agree as follows:

1.        Consideration to be provided to Plaintiff. In consideration for the promises made by Plaintiff set forth in this Agreement, the Defendants' promise to pay the sum of Twenty-Eight Thousand Dollars ($28,000.00) (hereinafter the "Settlement Amount") said amount being inclusive of attorneys' fees.

2.        Method of. Payment. The parties agree that the Settlement Amount, which is inclusive of reasonable attorneys' fees, referenced above, shall be paid as follows:

(a)      The parties agree that the Settlement Amount shall be paid in six (6) payments by check as set forth below.

    i. On or before October 31, 2015, one (1) check made payable to Nahid Hasan in the amount of Five Thousand ($5,000.00), less all relevant tax withholdings from such sum based on the last tax year that he worked for Defendants;

ii. On or before November 30, 2015, one (1) check made payable to Nahid Hasan in the amount of Five Thousand Dollars ($5,000.00), less all relevant tax withholdings from such sum based on the last tax year that he worked for Defendants;

iii. On or before January 1, 2016, one (1) check made payable to Nahid Hasan in the amount of Five Thousand Dollars ($5,000.00). Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service a Form 1099 reflecting payment to the Plaintiff of that portion of the Settlement Payment which was received by Plaintiff. Plaintiff shall be responsible to pay all Federal, State and local taxes in connection with this portion of the Settlement Payment which was received by him;

iv. On or before January 30, 2016, one (1) check made payable to Nahid Hasan in the amount of Five Thousand Dollars ($5,000.00). Plaintiff shall receive from Defendants and Defendants shall file with the Internal Revenue Service a Form 1099 reflecting payment to the Plaintiff of that portion of the Settlement Payment which was received which was received by Plaintiff.  Plaintiff shall be responsible to pay all Federal, State and local taxes in connection with this portion of the Settlement Payment which was received by him.

v. On or before February 28, 2016 one check payable to Geroulakis Law, P.C. in the amount of Five Thousand Dollars ($5,000.00). Geroulakis Law, P.C shall receive from Defendants and Defendants shall file with the Internal Revenue Service a Form 1099 reflecting payment to Geroulakis Law, P.C of that portion of the Settlement Payment which was received by Geroulakis Law, P.C. Geroulakis Law, P.C shall provide Defendants with a completed W-9 form upon execution of this Agreement.;

vi.  On or before March 28, 2016 one check payable to Geroulakis Law, P.C. in the amount of Three Thousand Dollars ($3,000). Geroulakis Law, P.C shall receive from Defendants and Defendants shall file with the Internal Revenue Service a Form 1099 reflecting payment to Geroulakis Law, P.C of that portion of the Settlement Payment which was received by Geroulakis Law, P.C. Geroulakis Law, P.C shall provide Defendants with a completed W-9 form upon execution of this Agreement.

(b)     All payments set forth above shall be delivered to Geroulakis Law, P.C., 88 Church Avenue, Brooklyn, New York 11218.

(c)     Default. In the event that the payments described above are not received by Plaintiff's Counsel by the dates set forth above, Plaintiff shall be permitted to enter judgment against Defendants in the amount of Fifty-Six Thousand Dollars ($56,000.00) less any monies theretofore paid by Defendants under this Agreement, as set forth in the Affidavits of Confession annexed hereto as Exhibit "A," without further notice.  Said Affidavits of Confession are only to be filed with the Court, in the event of Defendants' default, as set forth herein. Plaintiff's counsel shall hold the Affidavits of Confession, in escrow, pending receipt of all the payments referenced above. In the event that all of the payments are made in accordance with the aforesaid paragraphs, Plaintiff's counsel shall immediately return the original Affidavits of Confession to Defendants' counsel.

(d)     Defendants shall name and issue an IRS tax forms 1099 and W-2s as relevant to Plaintiff and Plaintiff's counsel, at the appropriate times.

3.          Adequacy of Consideration. Plaintiff expressly stipulates that the consideration referred to in Paragraph 1 constitutes adequate and ample consideration for

the rights he is waiving under this Agreement and for the obligations imposed upon him by virtue of this Agreement. Further, the Plaintiff and Plaintiff's Counsel expressly stipulate that the consideration referred to in Paragraph 1 is inclusive of all fair and reasonable attorneys' fees due to Plaintiff's Counsel for the time and costs expended in the prosecution and settlement of this Action. Defendants expressly agree and acknowledge that they have promised to pay the consideration referred to in Paragraph 1 of this Agreement in exchange for the releases, waivers, and promises made by Plaintiff in this Agreement.

4.        <u>General Release of all Claims by Plaintiff</u>. The Plaintiff voluntarily and irrevocably releases and forever discharges Defendants from and against any and all claims, obligations, debts, liabilities, demands, or causes of action of any kind whatsoever (all collectively referred to herein as the "disputes") with respect to any alleged acts occurring before their execution of this Agreement. The disputes released by Plaintiff include, but are not limited to, any and all disputes against Defendants concerning Plaintiff's employment with or arising from his employment with Defendants and its direct and indirect affiliates, individually and/or collectively.

The disputes released by Plaintiff herein include those known or unknown, actual or contingent, in law, in equity, or otherwise, and whether based in tort, contract, statute, or any other basis. This release includes all disputes by which Plaintiff could seek equitable relief, actual compensatory, consequential, liquidated, punitive, special, multiple, or other damages, expenses (including attorneys' fees and costs), and all other reimbursements or charges of any kind.

The disputes released by Plaintiff include any and all disputes he has or may believe to have against Defendants, individually or collectively, arising under any federal, state,

local, or foreign statute or regulation, including, without limitation, those relating to unfair or discriminatory employment practices (for example, employment discrimination based on race, national origin, sex, sexual harassment, religion, age, disability, or handicap) of any kind under the Federal Civil Rights Acts of 1866, 1871, 1964, and 1991 (including Title VII), the Age Discrimination in Employment Act of 1967, the Federal Americans With Disabilities Act, the Pregnancy Discrimination Act of 1978, the Federal Employee Retirement Income Security Act of 1974, the Internal Revenue Code of 1986, the Federal Fair Labor Standards Act (including, but not limited to claims for unpaid overtime, minimum wage and claims for retaliation), the National Labor Relations Act (including, but not limited to claims for unpaid wages and claims for retaliation), the New York State Human Rights Law, New York Executive Law § 290 *et seq.,* the New York City Charter and Administrative Code, Title VIII, § 8-107 *et seq.,* the New York Civil Rights Law, New York Civil Rights Law § 1 *et seq.,* the New York Equal Pay Law, New York Labor Law §§ 194-198, the New York Whistleblower Law, New York Labor Law § 740 *et seq.,* the New York Legal Activities Law, New York Labor Law § 198, New York Labor Law § 201-d, New York Labor Law § 663, the New York occupational safety and health laws, the New York Labor Law wage-hour and wage-payment laws, federal statutes regarding "whistleblower" activities, New York Workers' Compensation Law, the Federal Family and Medical Leave Act of 1993, the Occupational Safety and Health Act of 1970, the Fair Credit and Reporting Act, the Federal Rehabilitation Act of 1973, the Consolidated Omnibus Budget Reconciliation Act of 1985 (known as "COBRA"), any other federal and state employment-related statutes and regulations, and any other employment related local ordinance.

The disputes released by Plaintiff also include any and all disputes he may have

or may believe to have against Defendants in contract or at common law, individually or collectively, including, but not limited to, breach of oral, written, and/or implied contract, breach of an implied covenant of good faith and fair dealing, wrongful discharge under any theory, including for lack of good cause, in violation of public policy and constructive discharge, intentional, and negligent infliction of emotional distress, negligent retention and supervision, assault, battery, negligence, misrepresentation or fraud of any kind, duress, unfair dealing, breach of fiduciary or other duty, invasion of privacy, defamation, and interference with contract and/or prospective economic advantage. Plaintiff also hereby releases Defendants from any claim of medical, psychiatric or psychological damage that Plaintiff believes he may have been subjected to in relation to any claims he has or may believe to have against Defendants.

The reference herein to specific statutory, contract, and common law claims is in no way intended to limit the disputes released by Plaintiff. Plaintiff intends that the disputes released by him herein be construed as broadly as possible to cover any and all disputes he may have or believe to have against Defendants, individually or collectively. In that regard, Plaintiff further acknowledges that he may later discover facts in addition to, or different from, those which he now knows or believes to be true with respect to the subject matter of this Agreement. Plaintiff agrees that any such difference in the facts shall not affect this Agreement, that he assumes the risk of any such difference in the facts, and that he further agrees that this Agreement shall remain in full force and effect and not be subject to rescission by reason of any such difference in the facts. It is Plaintiff's intention to fully, finally, and forever resolve and release any and all disputes he may have or believe to have against Defendants, individually or collectively, with respect to any alleged acts occurring before the effective date of this Agreement, whether those disputes presently are known or

unknown, suspected, or unsuspected.

5.     <u>No Disputes Pending to be Instituted or Assigned by Plaintiff</u>. Plaintiff represents and agree that he will not, hereafter pursue, initiate, or cause to be instituted any disputes released herein against Defendants. Plaintiff further represents that he has not heretofore assigned or transferred, or purported to have assigned or transferred, to any entity or person any dispute released by him herein. Plaintiff promises and represents that he will withdraw, with prejudice, and/or file any administrative complaints or charges, filed with the National Labor Relations Board ("NLRB"), United States Equal Employment Opportunity Commission ("EEOC"), the New York State Division of Human Rights, the New York City Commission on Human Rights, the New York State Department of Labor, the United States Department of Labor, the New York State Worker's Compensation Board or any other federal, state and local agencies/administrative bodies and will also withdraw with prejudice all judicial actions, including, but not limited to, the aforementioned Action, and as well as any and all other lawsuits, claims, demands or actions pending against any Defendants, both individually and collectively. Plaintiff will not file any administrative or judicial complaints, charges, lawsuits, claims, demands or actions of any kind against any Defendant.  In the event any such complaints, charges, lawsuits, claims, demands or actions are not withdrawn or are filed due to circumstances beyond the control of Plaintiff, he promises and represents that he will not voluntarily testify, give evidence or otherwise participate or cooperate in any investigation or other proceedings connected with or resulting from such complaints, charges, lawsuits, claims, demands or actions and that Plaintiff will execute such papers or documents as the requesting party determines may be necessary to have said complaint, charge, lawsuit, claim, demand or action dismissed with prejudice. Plaintiff further agrees to waive his right to recover any monetary damages in any charge or lawsuit filed by himself, or by any Plaintiff or by anyone else on his behalf.

6.      <u>Status of Settlement if Case is not ultimately dismissed</u>.  This Agreement anticipates that the Parties shall seek, and obtain, the Court's approval of the dismissal of the pending Action with prejudice. If the Court fails to dismiss the pending Action with prejudice as contemplated by this Agreement, this Agreement shall be null and void *ab initio*. In such case, the parties shall be returned to their respective statuses as of the date immediately prior to the date that if Agreement was fully executed, and the parties shall proceed in all respects as if the Agreement had not been executed.

7.      <u>Confidentiality</u>. Except as may be required by law, Plaintiff agrees not to disclose the facts of this Agreement or the terms or substance of this Agreement to anyone other than his legal counsel, accountant, professional tax advisor, or his immediate family.  If he is asked about this suit, he will simply say the matter is resolved.

8.      <u>Non-Disparagement and Neutral Job Reference</u>.  Both parties agree that they shall not make any statement, written, oral or electronic, which in any way disparages either Plaintiff or any Defendant. If used as a reference, defendants will state the date and period of time that plaintiff worked at their establishment, without any disparaging remarks or references to this lawsuit.

9.      <u>Non-Contact</u>. Plaintiff acknowledges that his employment with Defendants has ended, that he has been paid in full for all time worked and is owed no other forms of compensation, including, but not limited to, wages, any vacation or sick pay, accrued benefit, bonuses or commissions. Plaintiff further voluntarily and unequivocally acknowledges and agrees that by entering into this Agreement, he voluntarily and knowingly waives any and all rights to re-employment with Defendants, and will not seek employment with Defendants at any time.

10.       Satisfaction of Claims. Upon the signing of this document, Plaintiff through his Counsel, shall forward a stipulation of discontinuance with prejudice in the form annexed hereto as Exhibit "B" to Defendants' Counsel for filing with the United States District Court, Eastern District of New York.

11.       Entire Agreement.  The parties affirm that no promise, inducement or agreement not expressed in this Agreement has been made, and this Agreement contains the entire agreement of the parties.

12.       Further Documents. The parties shall execute any other instruments and/or documents that are reasonable or necessary to implement this Agreement or effectuate its terms.

13.       Modification. This Agreement may only be modified, altered or changed in writing signed by the Parties.   If any provision of this Agreement is held by a court of competent jurisdiction to be illegal, void or unenforceable, such provision shall have no effect; or the Court shall modify such provision to the effect it deems just; however, the remaining provisions shall be enforced to the maximum extent possible.

14.       Governing Law.  This Agreement shall be subject to and governed by the laws of the State of New York without giving effect to principles of conflicts of law. The parties agree that the United States District Court assigned the instant Action will continue to have jurisdiction over this Agreement, along with any other Court of competent jurisdiction.

15.       Execution of Agreement and Counterparts. This Agreement may be executed in any number of counterparts, each of which shall be deemed to be an original as against any party whose signature appears thereon, and all of which shall together constitute on and the same instrument. However, this Agreement will not be deemed fully executed until all parties have signed and acknowledged same.

16.     Notices. All other notices and documents set forth herein shall be delivered to Counsel for Defendants at the following address: Ali Law Group, P.C., 775 Park Avenue, Ste. 255, Huntington, New York 11743.

17.     Severability. Should any part of this Agreement be declared by a court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain valid and in effect, with the invalid provision deemed to conform to a valid provision most closely approximating the intent of the invalid provision, or, if such conformity is not possible, then the invalid provision shall be deemed not to be a part of this Agreement.

18.     Plaintiff represents that they have been advised to consult legal counsel regarding this Agreement.  They further represent that after having had a full opportunity of at least twenty-one (21) days to review and consider the terms and conditions of this Agreement, and having discussed them with their counsel or financial advisor of their own choosing, and having had sufficient time to review and consider this Agreement, they fully understand all of the provisions of this Agreement and have executed same freely and voluntarily. Plaintiff further understands that after execution of this Agreement they have the opportunity to revoke within seven (7) days of execution of same.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

_____     Date __10/5/15__

Andreas Geroulakis, Esq.
Geroulakis Law, P.C.
Attorneys for Plaintiff


_____     Date __10/05/2015__

Nahid Hasan


_____     Date __10/9/15__

Sima Ali, Esq.
Ali Law Group, P.C.
Attorneys for Defendants


_____     Date __10/05/2015__

Nahid Hasan


On October __5th__, 2015, before me personally came Nahid Hasan, to me known, and known to me to be the individual described in, and who executed the foregoing Settlement Agreement and General Release of Claims, and duly acknowledged to me that he executed the same.

ARTESIA DORSEY
Notary Public, State of New York
No. 01DO6315576
Qualified in Richmond County
Commission Expires November 24, 2018

_____
NOTARY PUBLIC

Faruque Ahmed

Date 10/10/2015

On October 10, 2015, before me personally came Faruque Ahmed, to me known, and known to me to be the individual described in, and who executed the foregoing Agreement and General Release, and duly acknowledged to me that he executed the same.

NOTARY PUBLIC

Jakey Patwari

Date 10/10/2015

On October 10, 2015, before me personally came Jakey Patwari, to me known, and known to me to be the individual described in, and who executed the foregoing Agreement and General Release, and duly acknowledged to me that he executed the same.

NOTARY PUBLIC

Date 10/10/2015

Jamil Uddin

On October 10, 2015, before me personally came Jamil Uddin, to me known, and known to me to be the individual described in, and who executed the foregoing Agreement and General Release, and duly acknowledged to me that he executed the same.

NOTARY PUBLIC

ANA C. CHAN
Notary Public, State of New York
No. 01CH6105864
Qualified in Queens County
Commission Expires February 23, 20__

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NAHID HASAN
,

                                                                    Case No. 15-CV-3469 (RRM) (MDG)

                                    Plaintiff,          **SHAYMS & ASSOCIATES, INC.**
                      -against-                         **AFFIDAVIT OF CONFESSION OF**
                                                        **JUDGMENT**
SHAYMS & ASSOCIATES INC. d/b/a DHAKA
GARDEN and FARUQUE AHMED,

                                    Defendants.
-------------------------------------------------------------X


STATE OF NEW YORK          }
                           } S.S.
COUNTY OF                  }


THE UNDERSIGNED,

        SHAYMS & ASSOCIATION, INC. (the "Undersigned") being duly sworn, or through

and by a duly sworn representative with authority to bind the Undersigned, deposes and says:

        1.   I have authority to sign on behalf of myself, or on behalf of the undersigned

entity as the Owner, Officer, Director, Member and/or Authorized Shareholder, of the

undersigned entity, or a duly designated and authorized representative of the undersigned entity,

and as a defendant in the above-captioned action, and I am duly authorized to make this affidavit

on my own, or on the undersigned entity's behalf.

        2.   The Undersigned hereby confesses judgment, and authorizes entry of

judgment against it in the sum of Fifty-Six Thousand Dollars ($56,000.00), minus any payments

already made pursuant to the terms of the annexed Settlement Agreement and General Release of

Claims (the "Agreement") between Plaintiff and the Undersigned.

3.    This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement, and the Defendants' default in payment under the Agreement.

4.    This confession of judgment may only be filed by Plaintiff's counsel, Geroulakis Law P.C., pursuant to the terms of the Settlement Agreement and General Release of Claims, in particular, Paragraph 2(c).

<u>**CONFESSION BY SHAYMS & ASSOCIATES, INC.**</u>

Shayms & Associates, Inc.

_____

By:                                          Dated: _____ ___, 2015

## ACKNOWLEDGMENT

On   this   _____   day   of   _____   2015   before   me   personally   came _____ and  acknowledged  him(her)self  to  be  the  Owner,  Member  and/or  an Authorized Representative of the above named corporation or business entity, and that (s)he, as such,  being  authorized  so  to  do,  executed  the  foregoing  instrument  for  the  purposes  therein contained, by signing his (her) name on behalf of the corporation by him(her) self as Owner and an Authorized Representative.

Sworn to before me

this _____ day of _____, 2015

_____

Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

NAHID HASAN

                         Plaintiff,               15-CV-3469 (RRM) (MDG)

      -against-

SHAYMS & ASSOCIATES INC. d/b/a DHAKA      **FARUQUE AHMED AFFIDAVIT**
GARDEN and FARUQUE AHMED,             **OF CONFESSION OF JUDGMENT**

                        Defendants.

------------------------------------------------------------X

STATE OF NEW YORK         }
                              }S.S.
COUNTY OF _____        }

THE UNDERSIGNED,

      FARUQUE AHMED (the "Undersigned") being duly sworn, or through and by a duly

sworn representative with authority to bind the Undersigned, deposes and says:

      1.      I have authority to sign on behalf of myself, and as a defendant in the above-

captioned action, and I am duly authorized to make this affidavit on my own.

      2.      The Undersigned hereby confesses judgment, and authorizes entry of judgment

against it in the sum of Fifty-Six Thousand Dollars ($56,000.00), minus any payments already

made pursuant to the terms of the Settlement Agreement and General Release of Claims (the

"Agreement") between Plaintiff and the Undersigned.

      3.      This confession of judgment is for a debt justly due to Plaintiff pursuant to the

Agreement, and the Defendants' default in payment under the Agreement.

      4.      This confession of judgment may only be filed by Plaintiff's counsel, Geroulakis

Law, P.C., pursuant to the terms of the Agreement and, in particular, Paragraph 2(c).

## <u>CONFESSION BY FARUQUE AHMED</u>

Faruque Ahmed


_____

By:     Faruque Ahmed                              Dated: January ____, 2013

## ACKNOWLEDGMENT

On this _____ day of _____ 2015 before me personally came Faruque Ahmed and that she, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing her name.

Sworn to before me

this _____ day of _____, 2015


_____

Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

NAHID HASAN

                       Plaintiff,            15-CV-3469 (RRM) (MDG)

      -against-

                                               **JAKEY PATWARI AFFIDAVIT OF**
SHAYMS & ASSOCIATES INC. d/b/a DHAKA     **CONFESSION OF JUDGMENT**
GARDEN and FARUQUE AHMED,

                     Defendants.

-------------------------------------------------------------X


STATE OF NEW YORK         }
                            }S.S.
COUNTY OF _____      }

THE UNDERSIGNED,

     JAKEY PATWARI (the "Undersigned") being duly sworn, or through and by a duly

sworn representative with authority to bind the Undersigned, deposes and says:

     1.     I have authority to sign on behalf of myself, and as a defendant as mentioned in

the Settlement Agreement and General Release of Claims, and I am duly authorized to make this

affidavit on my own.

     2.     The Undersigned hereby confesses judgment, and authorizes entry of judgment

against it in the sum of Fifty-Six Thousand Dollars ($56,000.00), minus any payments already

made pursuant to the terms the Settlement Agreement and General Release of Claims (the

"Agreement") between Plaintiff and the Undersigned.

     3.     This confession of judgment is for a debt justly due to Plaintiff pursuant to the

Agreement, and the Defendants' default in payment under the Agreement.

     4.     This confession of judgment may only be filed by Plaintiff's counsel, Geroulakis

Law, P.C., pursuant to the terms of the Agreement and, in particular, Paragraph 2(c).

## CONFESSION BY JAKEY PATWARI

Jakey Patwari

_____

By:    Jakey Patwari                    Dated: _____ ___, 2015

## ACKNOWLEDGMENT

On this _____ day of _____ 2015 before me personally came Jakey Patwari and that she, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing her name.

Sworn to before me

this _____ day of _____, 2015

_____

Notary Public

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
NAHID HASAN

                        Plaintiff,               15-CV-3469 (RRM) (MDG)

        -against-

                                              **JAMIL UDDIN AFFIDAVIT OF**
SHAYMS & ASSOCIATES INC. d/b/a DHAKA     **CONFESSION OF JUDGMENT**
GARDEN and FARUQUE AHMED,

                        Defendants.

-------------------------------------------------------------X


STATE OF NEW YORK        }
                             }S.S.
COUNTY OF _____         }

THE UNDERSIGNED,

     JAMIL UDDIN (the "Undersigned") being duly sworn, or through and by a duly sworn representative with authority to bind the Undersigned, deposes and says:

     1.     I have authority to sign on behalf of myself, and as a defendant as mentioned in the Settlement Agreement and General Release of Claims, and I am duly authorized to make this affidavit on my own.

     2.     The Undersigned hereby confesses judgment, and authorizes entry of judgment against it in the sum of Fifty-Six Thousand Dollars ($56,000.00), minus any payments already made pursuant to the terms of the Settlement Agreement and General Release of Claims (the "Agreement") between Plaintiff and the Undersigned.

     3.     This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement, and the Defendants' default in payment under the Agreement.

4. This confession of judgment may only be filed by Plaintiff's counsel, Geroulakis Law, P.C., pursuant to the terms of the Agreement and, in particular, Paragraph 2(c).

## **CONFESSION BY JAMIL UDDIN**

Jamil Uddin

_____

By:     Jamil Uddin             Dated: _____ ___, 2015

## **ACKNOWLEDGMENT**

On this _____ day of _____ 2015 before me personally came Jamil Uddin and that she, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing her name.

Sworn to before me

this _____ day of _____, 2015

_____

Notary Public

3.     This confession of judgment is for a debt justly due to Plaintiff pursuant to the Agreement, and the Defendants' default in payment under the Agreement.

4.     This confession of judgment may only be filed by Plaintiff's counsel, Geroulakis Law P.C., pursuant to the terms of the Settlement Agreement and General Release of Claims, in particular, Paragraph 2(c).

## CONFESSION BY SHAYMS & ASSOCIATES, INC.

Shayms & Associates, Inc.

By: Jamil uddin                                              Dated: 10/10/15, 2015

## ACKNOWLEDGMENT

On this 10 day of OCTOBER 2015 before me personally came Jamil Uddin and acknowledged him(her)self to be the Owner, Member and/or an Authorized Representative of the above named corporation or business entity, and that (s)he, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing his (her) name on behalf of the corporation by him(her) self as Owner and an Authorized Representative.

Sworn to before me

this 10 day of OCTOBER, 2015

Notary Public

ANA C. CHAN
Notary Public, State of New York
No. 01CH6109964
Qualified in Queens County
Commission Expires February 23, 2016

4.    This confession of judgment may only be filed by Plaintiff's counsel, Gennulakis Law, P.C., pursuant to the terms of the Agreement and, in particular, Paragraph 2(c).

CONFESSION BY JAMIL UDDIN

Jamil Uddin

By: _____ Jamil Uddin                              Dated: __10/10__, 2015

## ACKNOWLEDGMENT

On this __10__ day of __October__ 2015 before me personally came Jamil Uddin and that she, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing her name.

Sworn to before me

this __10__ day of __October__ 2015

_____
Notary Public

ANA C. CHAN
Notary Public, State of New York
No. 01CH6108954
Qualified in Queens County
Commission Expires February 23, 201__.

## CONFESSION BY FARUQUE AHMED

Faruque Ahmed

By:     Faruque Ahmed

Dated: ~~January~~ *October* _10_, 2015

### ACKNOWLEDGMENT

On this _10_ day of _OCTOBER_ 2015 before me personally came Faruque Ahmed and that she, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing her name.

Sworn to before me

this _10_ day of _OCTOBER_ 2015

Law, P.C., pursuant to the terms of the Agreement and, in particular, Paragraph 2(c).

## CONFESSION BY JAKEY PATWARI

Jakey Patwari

By/  Jakey Patwari

Dated: _Oct  10_, 2015

## ACKNOWLEDGMENT

On this _10_ day of _October_ 2015 before me personally came Jakey Patwari and that she, as such, being authorized so to do, executed the foregoing instrument for the purposes therein contained, by signing her name.

Sworn to before me

this _10_ day of _October_ 2015

Notary Public

ANA C. CHAN
Notary Public, State of New York
No. 01CH6106954
Qualified in Queens County
Commission Expires February 23, 2016

**EXHIBIT "B"**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NAHID HASAN

                       Plaintiff,                Case No. 15-CV-3469 (RRM) (MDG)

    -against-                      **STIPULATION AND ORDER OF**
                                              **DISMISSAL**
SHAYMS & ASSOCIATES INC. d/b/a DHAKA
GARDEN and FARUQUE AHMED,

                       Defendants.

------------------------------------------------------------X

      **IT IS HEREBY STIPULATED AND AGREED**, by and between the parties in the

above captioned action, through the undersigned counsel that in accordance with Rule 41 of the

Federal Rules of Civil Procedure, the above action be dismissed with prejudice and without costs

or attorneys' fees to either party.

      The Court retains jurisdiction over the settlement agreement resolving this action.

Dated: October _____, 2015

**Geroulakis Law, P.C.**                    **Ali Law Group, P.C.**
*Attorneys for Plaintiff*                  *Attorneys for Defendants*

By:_____      By:_____
   Andreas Geroulakis, Esq.          Sima Ali, Esq.
   88 Church Avenue             775 Park Avenue, Ste. 255
   Brooklyn, New York 11218        Huntington, NY 11743

**SO ORDERED:**

_____